GILBERT GILES, Respondent, *v.* WILLIAM AUSTIN, Appellant.

Where, after issue joined in an action of ejectment brought by a lessor to enforce a forfeiture incurred by the non-payment of taxes and assessments as stipulated in the lease, the lessee pays up the arrears, he may maintain an equitable action to be relieved from the forfeiture. He is not required to seek relief by application in the ejectment suit for leave to file a supplemental answer.

As to whether relief in such case can be obtained by answer in the eject-. ment suit, *quære.*

If sections 150 and 274 of the Code render it obligatory upon a defendant to set up by answer any equitable defence, or counter-claim, or right to

affirmative relief which he may have under penalty of losing it, that consequence only follows when he has the absolute right to set it up, not where it is in the discretion of the court to grant or deny him the privilege so to do.

A covenant in a lease by the tenants to pay taxes and assessments is in the nature of a covenant to pay money, and a forfeiture incurred by a breach thereof may be relieved against on the same principles. In the absence of bad faith on the part of the tenant, and where the position of the parties has not been changed, and no new rights have intervened, mere delay on the part of the tenant in making the stipulated payments will not bar him from relief.

(Argued June 16, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. (Reported below, 6 J. & S., 215.)

This action was brought by plaintiff to be relieved from a forfeiture under a lease, incurred by his failure to pay taxes and assessments.

The facts, as found by the court, are substantially as follows:

In April, 1859, defendant executed to plaintiff a lease of certain premises in the city of New York for a term of twenty-one years, commencing May first thereafter, at an annual rental of $2,800, payable quarterly, which the lessee covenanted and agreed to pay, as well as all taxes and assessments, as the same should become due and payable; and the lease further provided that if default should be made by the lessee in any of the covenants to be by him performed, then it should be proper for the lessor to re-enter, etc. Plaintiff entered into possession, tore down the old buildings on the premises, and built a new marble-front building.

In December, 1867, the lessor brought an action of ejectment against the lessee, and three other persons who were tenants under him, to recover possession of the premises; setting forth, in his complaint, the lease, with its covenants and conditions, and alleging that the lessee had neglected and refused to pay the taxes for several successive years, and still refuses and neglects to pay the same; and that he had suffered the premises to be sold for non-payment of some of the taxes

which he had so covenanted and promised to pay as the same should become due and payable, and has not redeemed them from such sale, and the plaintiff claimed thereupon the possession of the premises. The defendant put in an answer to the complaint in March, 1868.

On the 12th of October, 1868, the plaintiff served on the defendant a notice that he had paid all the taxes and assessments on the property, and offered to pay him all rent in arrear, with interest, together with the costs of all the parties in the ejectment suit, and, on the same day, commenced this action, and obtained therein an injunction restraining the lessor from prosecuting his action of ejectment until the determination of this suit.

Upon the opening of the case for trial, the defendant's counsel moved to dismiss the complaint, upon the ground that the cause of action, if any existed, should have been set up as an equitable defence to the ejectment suit. This motion was denied.

Upon the trial, it appeared that when the action of ejectment was commenced, taxes and assessments, accruing from 1859 to 1867, were outstanding and unpaid to the amount of $2,646.91, of which amount $2,350.91, besides interest, remained unpaid when the answer in the ejectment suit was served, and that $104.65 remained unpaid at the time this suit was commenced. It also appeared that a portion of the premises was sold in 1866 for the taxes of 1861 and 1862 for $206.21, but that it was redeemed by the lessee from such tax sale after the ejectment suit was commenced, and before issue joined; and that all the taxes and assessments were paid before the trial of this action.

The defendant gave the lessee notice that the taxes and assessments were unpaid, and requested him to pay the same before the ejectment suit was instituted; and, at the same time, told him that his failure to pay them prevented the lessor's obtaining a loan of $20,000 upon the property, and that unless they were paid the latter would bring an action of ejectment against him.

Upon every quarter-day after November 1, 1867, plain-

tiff tendered to defendant the quarter's rent, and offered payment of all the rent due from November 1, 1867, which tenders and payment defendant refused to accept.

In February, 1873, an order was made herein requiring the plaintiff to pay into the New York Life Insurance and Trust Company, to abide the judgment of the court herein, the rent which had accrued and which had not been paid, without interest, and that which should thereafter accrue, with which order plaintiff complied.

The court found, as conclusions of law, that plaintiff was entitled to be relieved from the forfeiture, and that the relief could be granted in this action.

That the sum properly payable by or on the part of the plaintiff, as a condition of relief, for and in respect of the rent, is the amount of such rent paid and on deposit in the New York Life Insurance and Trust Company, which deposits, with the interest accrued and to accrue thereon from the time of the making thereof, and the further payment by the plaintiff to defendant of interest at the rate of seven per cent. per annum upon the amounts of the respective quarters' rents which fell due under said lease subsequent to November 1, 1867, from the time when they respectively fell due up to the time of the said payments into the said company.

The court also directed that plaintiff should pay defendant his costs of the ejectment suit, including an allowance of $250, and the sum of fifty dollars, with the interest thereon from the 1st day of January, 1868, to cover loss of interest sustained by defendant on the mortgage; and also pay the costs of the other defendants in said ejectment suit, or deliver defendant the consent of the defendant's attorney in such ejectment suit for the discontinuance of that suit without costs; and also pay the plaintiff his costs of defence in this suit to be adjusted, together with an allowance to him therein of the sum of $650 in this action.

Upon the condition of the making of the payment so adjudged, and of compliance on his part with said terms

and conditions, judgment was ordered relieving plaintiff from the forfeiture of said lease, and enjoining defendant from prosecuting the ejectment suit.

*Thomas B. Browning* for the appellant. This action cannot be maintained. The cause of action, if any existed, should have been set up as an equitable defence in the eject- ment suit. (Code, § 150; *Dobson* v. *Pearce*, 12 N. Y., 166; *Crary* v. *Goodman*, id., 266; *Savage* v. *Allen*, 54 id., 458; *Foot* v. *Sprague*, 12 How. Pr., 355; *Auburn City Bk.* v. *Leonard*, 20 id., 193; *Arndt* v. *Williams*, 16 id., 214; *Bow- ers* v. *Talmadge*, id., 325; *Grant* v. *Quick*, 5 Sandf., 612; *Traphagan* v. *Traphagan*, 40 Barb., 538; *Hunt* v. *F. L. and T. Co.*, 8 How. Pr., 418; *Sheehan* v. *Hamilton*, 2 Keyes, 307; *Goddard* v. *Benson*, 15 Abb., 191.) Plaintiff was entitled to no relief in equity. (*De Scarlett* v. *Dennett*, 9 Mod., 22; *Eaton* v. *Lyon*, 3 Ves., 692; *Hill* v. *Barclay*, 18 id., 55; *Rolfe* v. *Harris*, 2 Price, 210, note; *Bracebridge* v. *Buckley*, id., 210; *Reynolds* v. *Pitt*, id., 212; *White* v. *Warner*, 2 Meriv., 459; *Livingston* v. *Tompkins*, 4 J. Ch., 431; *Baxter* v. *Lansing*, 7 Paige, 352; *Green* v. *Bridges*, 5 Sim., 96; *Gregory* v. *Wilson*, 9 Hare, 689; *Wadman* v. *Cal- craft*, 10 Ves., 66; *Wilson* v. *Morgan*, 4 Robt., 72; Sedg. on Meas. of Dam., 234; *Elliott* v. *Turner*, 13 Sim., 477; *Nokes* v. *Gibbons,* 3 Drew., 681, 692; *Hill* v. *Harris*, 42 Ga., 412; *Wafer* v. *Macato*, 9 Mod., 112; *Peachy* v. *Duke of Somerset*, 1 Stra., 447.) Hardship was no ground for relief. (*De Scarlett* v. *Dennett*, 9 Mod., 22; *White* v. *Warner*, 2 Meriv., 459; *Green* v. *Bridges*, 4 Sim., 96; *Elliott* v. *Turner*, 13 id., 477; *Gregory* v. *Wilson*, 10 E. L. and Eq., 134.) To ascertain what is equitable the whole circumstances of the case must be considered. ( *Williams* v. *Fitzhugh*, 37 N. Y., 452; *Comstock* v. *Johnson*, 46 id., 615; *Tripp* v. *Cook*, 26 Wend., 160; *Legal Tender Cases*, 12 Wall., 529, 548; *Willard* v. *Tayloe*, 8 id., 573.) Defendant was enti- tled to full interest. (*Parsons* v. *Travis*, 5 Duer, 650; *De Puyster* v. *Clarkson*, 2 Wend., 77; Hopk. Ch., 505.)

*Joseph H. Choate* for the respondent. The jurisdiction in equity to relieve a lessee from a forfeiture incurred by non-payment of taxes and assessments is unquestionable. (2 Story's Eq., §§ 1314, 1316; 1 id., § 89; 7 Ves., 273; *Rector of Trinity Ch.* v. *Higgins,* 48 N. Y., 532; *Garner* v. *Hannah,* 6 Duer, 262; 1 Story's Eq., 234; *Blackford* v. *Christian,* 1 Knapp, 74.) It was no answer to this action to say that the relief sought might have been secured by a motion for a stay or for leave to file a supplemental answer in the ejectment suit. (*Garner* v. *Hannah,* 6 Duer, 262; Code, § 274; *Bowen* v. *Irish Presb. Ch.,* 6 Bosw., 245; *Morel* v. *Garelly,* 16 Abb. Pr., 269; *Dobson* v. *Pearce,* 12 N. Y., 156; *Allerton* v. *Belden,* 49 id., 373; *N. Y. and H. R. R. Co.* v. *Haws,* 56 id., 175; *Hackley* v. *Draper,* Ct. App.; *State of Mich.* v. *Phenix Bk.,* 33 N. Y., 927; *Wright* v. *Miller,* 4 Seld., 9; *Clute* v. *Potter,* 37 Barb., 199.) The party is entitled to be relieved on paying principal and interest. (2 Story's Eq. Jur., § 1314.) The fact that the ground for equitable relief arose after answer in the ejectment suit, removes all objection to plaintiff's bringing this suit. (*Braman* v. *Wilkinson,* 3 Barb., 151; 2 Barb. Ch. Pr. [2d rev. ed.], 128, notes 3 and 6; Cooper's Eq. Pl., 86, 87; Mitford, 82; Story's Eq. Pl., § 393; *Miller* v. *Fenton,* 11 Paige, 18.)

RAPALLO, J. No question can be made but that the terms imposed upon the plaintiff, as the condition of relieving him from the forfeiture which he had incurred, were as favorable to the landlord as he could reasonably demand, and fully indemnified him for the delay in the payment of the taxes and assessments, as well as the rent. The only points arising on this appeal which require consideration are: first, whether the relief sought by the plaintiff could be obtained in this action, or should have been sought by answer in the ejectment suit; and, secondly, upon the merits, whether the default of the plaintiff was so willful, or his neglect so inexcusable, that a court of equity should have denied him any relief.

As to the first point, it is claimed that a proceeding to be relieved from a forfeiture by an appeal to the equitable discretion of the court, and not by reason of any legal or equitable defence justifying the default, does not come within the provision of section 150 of the Code, which allows the defendant to set forth, by answer, as many defences and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both, nor within the provision of section 274, which authorizes affirmative relief to the defendant.

In *Garner* v. *Hannah* (6 Duer, 262, 273), it was decided by the General Term of the Superior Court that sections 150 and 274 were not applicable to such a case, and that although a lessee was entitled to be relieved in equity against a forfeiture incurred by the non-payment of rent and taxes, such relief could be obtained only by an independent action, and not by answer in an action of ejectment brought to enforce the forfeiture.

It is not necessary now to pass definitely upon that question, for it appears in the present case that the plaintiff was not in a condition to claim this equitable relief until after issue had been joined in the ejectment suit. It was after that that he paid up the arrears of taxes and assessments. If he desired to seek relief in the ejectment suit, he would have been obliged to apply to the court for leave to interpose a supplemental answer, which would have been in the discretion of the court ; and with the decision of the same court, in *Garner* v. *Hannah*, standing unreversed, and as the law of that court, he could not reasonably have expected such an application to be granted. Even construing sections 150 and 274 of the Code as rendering it obligatory on the defendant to set up, by answer, any equitable defence or counter-claim, or right to affirmative relief, which he may have, under the penalty of losing it, that consequence should follow only where he has the absolute right to set it up, and not where it is in the discretion of the court to grant or deny him the privilege of doing

so. In such a case, he also should have his election to resort to a new action.

The second point and the authorities bearing upon it are so fully discussed in the opinions of the learned referee, Judge MITCHELL, on the first trial, and of VAN VORST, J., upon the second trial, that we think it superfluous to do more than state our conclusions, which are, that covenants to pay taxes and assessments are in the nature of covenants to pay money, and that forfeitures incurred by their breach may be relieved against upon the same principles. By the payment of the amount due at any time before sale or the expiration of the right to redeem, the landlord is placed in precisely the same position as if no default had occurred; and where there is no bad faith on the part of the tenant, mere delay in making the stipulated payments should not bar him from relief.

The cases in which relief has been denied are either where the lessee has willfully committed some affirmative act in violation of his covenant, or been guilty of some default, the precise damages for which cannot be ascertained by any rule. But where the covenant is simply for the payment of money, the forfeiture is regarded as a security merely for such payment, and equity will not allow it to be enforced after the party has obtained all that it was intended to secure to him. (Story Eq. Jur., §§ 1314, 1315, 1316, and cases cited.) In the present case the taxes and assessments have all been paid, the landlord is awarded his rent and interest, and the costs and counsel fees incurred in the litigation, together with a small amount for damages which he claims to have incidentally sustained. All that the tenant has been guilty of is delay in making the payments, which delay he has endeavored to excuse, but for which he has been severely punished by being compelled to pay all the expenses which it has occasioned. No new rights have intervened, nor has the position of the parties been changed by the delay. Under these circumstances, we think the court had power to relieve the plaintiff from the further consequence of a loss of the residue

of his term, and the valuable buildings he had erected on the premises, and that it has properly exercised that power.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.