### NOYES *v.* ANDERSON *et al.*

(*Common Pleas of New York City and County, General Term.* May 19, 1888.)

MORTGAGES—AGREEMENT NOT TO FORECLOSE—FAILURE TO PERFORM CONDITIONS.

Plaintiff agreed with a mortgagor not to foreclose the mortgage in the latter's life-time, provided that no interest on prior mortgages, and no taxes or assessments, should remain unpaid for more than 30 days. A small assessment was levied, unknown to the mortgagor, and remained unpaid more than 30 days, when, being brought to her notice, it was paid. Plaintiff knew when the assessment was levied, and had more than enough of the mortgagor's money in his hands to pay it. *Held,* that plaintiff was not entitled to foreclose.

Appeal from special term.

Action brought by Daniel J. Noyes against Theresa A. Anderson and others to foreclose a mortgage. On trial it appeared that the mortgage was past due; that the plaintiff had agreed not to foreclose the mortgage during the life of the defendant, so long as the interest on it and the prior mortgages was promptly paid, and no taxes or assessments were allowed to remain unpaid more than 30 days. Unknown to defendant, an assessment was levied, and remained unpaid for more than 30 days, but was paid when brought to her knowledge. It also appeared that plaintiff had more than enough of defendant's money in his hands to pay the assessment.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Stephen C. Baldwin,* for appellants.    *C. L. Hamilton,* for respondent.

DALY, J. The defendant Mrs. Anderson is upwards of 70 years of age, and intrusted the care of her property to her son, by whose oversight the trifling assessment of $23.08 was suffered to remain unpaid for more than the period of 30 days, fixed by the agreement for the payment of interest, taxes, and assessments. As the assessment was promptly paid by defendant when she had notice of it, and the plaintiff has not been prejudiced by the delay, it would seem inequitable to permit the enforcement of the bond and mortgage for such a default. The rule which might be applied to her covenant for the payment of interest and taxes ought not to be invoked with respect to assessments. In the case of interest the day of payment is fixed by the terms of the instruments, the bond and mortgage, and in the case of annual taxes the time of payment is a matter of public notoriety and of custom; but it is not so with assessments, which are not imposed at any stated times, and which may and are often overlooked for want of notice. The reasonable construction of the agreement in this case, where consequences resembling in some respects forfeiture of valuable rights will result from the application of a different rule, would be to allow defendant a reasonable time for payment after notice of the confirmation of the assessments. It must be borne in mind that the right to foreclose in this case does not grow out of the terms of the bond and mortgage, but of a separate, independent agreement between the mortgagor and mortgagee, and it is with respect to the defendant's default under that agreement that I think the construction above suggested should be applied. The amount of the assessment is trifling, the consequences to the defendant are most serious, and no willful nor inexcusable neglect is shown. It is also proved that the defendant had reason to believe that plaintiff had moneys in his hands belonging to her which he might have applied to discharge the assessment. The facts of this case are peculiar, and it is upon those facts solely that I base my conclusion. A forfeiture for non-payment of assessments would not be permitted, (*Giles* v. *Austin,* 62 N. Y. 486;) and the reasons given in that case apply with great force to the present. I am therefore in favor of reversing this judgment, and ordering a new trial.

VAN HOESEN, J. Mr. Noyes has never paid to Mrs. Anderson the full amount that he was to pay. Over $180 remain to be paid. Hankins, being the agent of Mrs. Anderson, could not make a valid agreement that the $180 should be set off against a debt that he owed to Mrs. Noyes, instead of being paid to Mrs. Anderson. The result is that, at the time this action was begun, Mr. Noyes owed Mrs. Anderson $180, and, having that money in his hands, he could have protected himself from loss through a sale of the premises for non-payment of the assessment by stepping forward, and paying the assessment out of the moneys that he held belonging to Mrs. Anderson. The object of the agreement is obvious. Mrs. Anderson was to be indulged so long as Mr. Noyes' security was not impaired. It would be inequitable to allow Mr. Noyes to withhold from Mrs. Anderson money with which the assess-

ment could have been paid,—an assessment of which he knew, and she did not know,—and then claim a foreclosure because the assessment was not paid. He would have run no risk in paying the assessment for the purpose of protecting his security. He had her money wherewith to pay. Consequently he cannot complain of her failure to pay. Judgment reversed.