J. RALPH DODSWORTH, Appellee, *vs.* WILLIAM T. DODSWORTH, Appellant.

*Opinion filed April 18, 1912.*

1. CLOUD ON TITLE—*cloud on title defined.* A cloud on title is a semblance of a title, either legal or equitable, or a claim of an interest in lands appearing in some legal form but which is, in fact, unfounded.

2. SAME—*what claim constitutes cloud on title.* Where a deed provides that the land shall revert to the grantor, her heirs and assigns, if the grantee shall fail to pay the taxes, a claim of title by the heir of the grantor based upon the forfeiture clause of the deed and the redemption by him of the property from a tax sale, as shown by the tax judgment, sale and redemption record, is such a claim as constitutes a cloud upon the title of the grantee.

3. FORFEITURES—*prevention of forfeitures is within jurisdiction of equity.* Forfeitures are not regarded with favor, and their prevention is within the protecting care of a court of equity wherever wrong or injustice will result from their enforcement.

4. SAME—*when forfeiture for non-payment of taxes will be relieved against.* Forfeiture of title for non-payment of taxes, under a provision of a deed that the title should revert to the grantor, her heirs and assigns if the grantee failed to pay the taxes, will be relieved against by a court of equity where the default in payment was not willful but was the result of a mistaken belief by the grantee as to when the taxes could be paid, and where he did all he could, by tender and otherwise, to effect a second redemption from the tax sale.

APPEAL from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

GEORGE L. MERRILL, and BELLATTI, BARNES & BELLATTI, for appellant.

2 5 4 — 4

WILBUR S. JENKS, and KIRBY, WILSON & BALDWIN, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Morgan county removing a cloud from the title to 140 acres of land in Morgan and Scott counties, Illinois. June 11, 1906, Sarah Dodsworth, a widow, then the owner of said land, conveyed it to appellee, J. Ralph Dodsworth, her grandson. The conveyance was in the usual statutory form of a warranty deed, the consideration being one dollar and love and affection. The deed also contained the following clause: "Provided, however, that the grantee shall not sell, convey nor encumber said real estate, nor any part thereof, for the period of ten years from and after this date, and shall pay all taxes and assessments thereon; and in the event that the grantee * * * shall fail to pay all taxes and assessments thereon, then this deed shall be null and void and said real estate shall revert to the grantor, her heirs or assigns." Appellee took possession of the land and rented it to one Kitchen. The grandmother died prior to 1911, leaving as her only heir-at-law and sole devisee under her will, her son, William T. Dodsworth, the appellant and father of the appellee. After the farm was deeded to appellee the taxes were all paid by him previous to those due in 1911. Appellee resided in Kansas. On April 14, 1911, he wrote his lawyer at Jacksonville requesting him to ascertain the amount of taxes on the Morgan county real estate. It appears that appellee supposed that the tax laws of Illinois were the same as those of Kansas, where no penalty attaches until July and the tax sale is held in September. Not hearing from the attorney, the appellee again wrote him on July 12, 1911, asking him to ascertain the amount of taxes and pay them. On looking up the matter the attorney found that the premises had already

been sold for taxes, the amount necessary for redemption being $68.40. Within a day or two thereafter the attorney met appellant and in the course of their conversation mentioned the fact that he had received a letter from appellee inquiring about the taxes. Appellant thereupon went to the office of the county clerk of Morgan county and paid the amount necessary to redeem the land in that county, the payment being endorsed as from appellant on the tax judgment, sale, redemption and forfeiture record. That day or the next appellee's attorney went to the county clerk's office to redeem the land and was informed that the redemption had already been made by appellant. The amount necessary to redeem being offered to the clerk by the attorney was refused. Thereafter appellee sent the county clerk a draft for $70 to redeem, and also made a tender, through the attorney, of $70 in cash, both of the tenders being refused. He also sent his father a draft for $70, which was returned, with a letter reading in part: "Dear Son—The deed from mother to you provides that if you default in the payment of taxes the land shall revert to the grantor or her heirs or assigns. You are in default in the payment of the taxes and the land went to sale. I then redeemed it, and as I now understand the matter, the land now reverts to me. I therefore claim the title from the date of redemption and shall expect to rent the land the coming year and collect the rent myself." Appellee then sent his father $70 in cash by registered letter, which was returned without explanation. The decree finds that the appellant had notified Kitchen, the tenant, not to dispose of any crops or to pay rent to appellee. It further finds that appellant had no interest in the premises, and that appellee had tendered $70 in open court to appellant, which was refused, and that the $70 was ordered paid to the clerk for appellant's benefit.

Appellant's first contention is that a court of equity has no jurisdiction, as his claim is not a cloud on the title to the land in question. A cloud on a title is a semblance of

a title, either legal or equitable, or a claim of an interest in lands appearing in some legal form but which is, in fact, unfounded. (*Allott* v. *American Strawboard Co.* 237 Ill. 55, and cases cited.) If there be any basis for appellant's contention that the land in question was forfeited because of the non-payment of taxes, then surely that claim is based upon matters of record amounting to such a semblance of title as would justify the filing of a bill to remove the claim as a cloud. On this record equity rightly assumed jurisdiction.

It is further insisted that the facts did not justify a decree relieving appellee from his failure to pay the taxes. Forfeitures are not regarded with favor, and their prevention is within the protecting care of equity wherever wrong or injustice will result from their enforcement. (*Springfield Traction Co.* v. *Warrick,* 249 Ill. 470, and cases cited.) It is well settled that where the agreement is simply one for the payment of money, a forfeiture of land incurred by its non-performance will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, on the payment of the debt, interest and costs, unless complainant has debarred himself by his own conduct. This doctrine is applied when the failure has been caused by ignorance and was not willful. (1 Pomeroy's Eq. Jur.—3d ed.—secs. 450, 451, and cases cited.) This rule was followed in *Tibbetts* v. *Cate,* 22 Atl. Rep. (N. H.) 559, where a condition in a will related to the payment of taxes and a forfeiture was claimed as to lands for non-performance. (See, also, *Giles* v. *Austin,* 62 N. Y. 486; *Buckley* v. *Beigle,* 8 Ont. 85; *Hagar* v. *Buck,* 44 Vt. 285.) Under the circumstances shown here it would be a great wrong and injustice to appellee to enforce a forfeiture in this case.

The decree of the circuit court will be affirmed.

*Decree affirmed.*