**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**GERALD M. BISHOP**
Merrillville, Indiana

ATTORNEYS FOR APPELLEES:

**CARL A. GRECI**
**LARRY E. LaTARTE**
Faegre Baker Daniels LLP
South Bend, Indiana

FILED

May 23 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

R & M CONSTRUCTION, INC., and )
LAKE COUNTY TRUST COMPANY, as )
Trustee Under a Trust Agreement Dated )
May 17, 1989 and Known as Trust No. 1901, )
)
    Appellants, )
)
        vs. )    No. 64A03-1310-CC-422
)
TWIN LAKES UTILITIES, INC., )
)
    Appellee. )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0907-CC-7538

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

R & M Construction, Inc. ("R&M"), and Lake County Trust 1901 ("the Trust") appeal the trial court's grant of summary judgment to Twin Lakes Utilities, Inc. ("Twin Lakes"). We affirm in part, reverse in part, and remand.

ISSUES

R&M and the Trust raise three issues, which we consolidate and restate as:

I.      Whether the trial court issued a final, appealable judgment.

II.     Whether the trial court erred in denying R&M and the Trust's motion for partial summary judgment and in granting summary judgment to Twin Lakes.

FACTS AND PROCEDURAL HISTORY

The Lakes of the Four Seasons is a planned residential subdivision located in Porter County. Hoosier Marine Properties, Inc., the developer, filed a plat-map[1] and a Declaration of Restrictive Covenants for the subdivision in 1966. The plat-map depicted established easements throughout the subdivision for sanitary sewers and other utilities, as defined and applied by the developer. The subdivision was built in multiple stages and sections over the decades.

Twin Lakes currently maintains the sanitary sewer lines and related structures in the subdivision. R&M is a residential and commercial construction company. Rick Morin is R&M's president and has been a homebuilder for at least forty years. In addition, Morin has lived in the subdivision for approximately fourteen years and,

_____

[1] We use the terms "plat" and "plat-map" interchangeably because the plat, as recorded, clearly shows the location of the easement lines.

2

through various business entities, has built more than one hundred houses in the subdivision. Morin is also a beneficial owner of the Trust and holds the power of direction for it.

This appeal addresses the subdivision's Lot 218. A house had been built on the lot, but it was destroyed by fire. Subsequently, Morin cleaned up the debris, and the Trust negotiated to purchase the then-vacant lot. Morin visited the lot multiple times during the cleanup and the sales negotiations for the purchase of the lot.

On or about June 24, 2008, the date of the closing for the lot, Morin noticed a manhole cover on the lot. He opened the cover and saw a sewer line at the bottom of the manhole. He subsequently learned that a sewer line ran through the center of the lot to the manhole and split into two smaller lines, which ran to the opposite side of the lot. During his years building in the subdivision, Morin had never encountered a sewer line placed outside the boundaries as shown on the plat-map. Twin Lakes concedes that the smaller sewer lines do not lie entirely within the easement boundaries as depicted on the plat-map. Appellee's Br. p. 9 ("[T]he depiction of the specific location of certain segments of two of the sewer lines on [Lot 218] appears to be different from where the lines were actually located.").

The Trust asked Twin Lakes to remove and relocate the sewer lines and the manhole. Twin Lakes declined to remove the lines and the manhole. However, in response Twin Lakes installed a new sewer line that conformed to the easement as depicted on the plat-map and abandoned the manhole and the old line that ran through the lot. R&M and the Trust's ability to build a new home on Lot 218 has been impaired by

3

the presence of the abandoned line and the manhole and has diminished the value of the lot.

R&M and the Trust sued Twin Lakes alone, beginning this case. They alleged trespass, conversion, and "encroachment," for which they requested compensatory damages and punitive damages. Appellants' App. p. 16. They also requested injunctive relief, asking the court to order Twin Lakes to remove and relocate the abandoned sewer line and the manhole.

Meanwhile, Twin Lakes filed a separate complaint against the Trust, requesting a declaration that it holds a fifteen-foot-wide easement over all sanitary sewer lines and related fixtures in the subdivision, regardless of whether the lines were installed within the easements as shown on the original plat-map. In the alternative, Twin Lakes requested condemnation by eminent domain to establish an easement over all sanitary sewer lines in the subdivision. In response, the Trust raised counterclaims of trespass, unjust enrichment, taking of property, "cloud of title," and inverse condemnation. *Id.* at 41. The trial court consolidated Twin Lakes's lawsuit with R&M and the Trust's lawsuit.

Twin Lakes filed a motion for summary judgment on its claim for declaratory relief. R&M and the Trust filed a cross-motion for partial summary judgment, asserting that they were entitled to summary judgment on their claim for trespass. Following oral argument, the trial court denied R&M and the Trust's motion for partial summary judgment and granted summary judgment in favor of Twin Lakes. The court determined, "[R&M] has failed to establish that it possessed Lot 218-P when the sewer line alleged to constitute a trespass was installed. As a result, Plaintiff does not have an action for

4

trespass against [Twin Lakes.]" *Id.* at 13. The trial court did not issue the declaratory relief Twin Lakes requested.

R&M and the Trust filed a Notice of Appeal, beginning an appeal under Cause Number 64A03-1305-CC-172. Subsequently, they requested a stay, asserting that they needed to obtain clarification of the trial court's summary judgment ruling. This Court dismissed the appeal without prejudice to R&M and the Trust's right to appeal after the trial court clarified its order.

Next, Twin Lakes filed a motion to clarify the trial court's summary judgment order, asking it to enter a final judgment. R&M and the Trust filed a response, asserting that their other claims had not yet been adjudicated. On October 2, 2013, the trial court issued an order stating,

> This Court, having carefully considered the Motion [to Clarify] and the April 10, 2013 Order [granting summary judgment to Twin Lakes and denying summary judgment to R&M and the Trust], now ORDERS . . . as follows: . . . the Judgment is a final judgment on the merits, resolving and disposing of all claims as to all parties.

*Id.* at 8. This appeal followed.

## DISCUSSION AND DECISION

### I. IS THERE A FINAL JUDGMENT?

R&M and the Trust argue that the trial court's October 2, 2013 entry of final judgment is erroneous because they believe the trial court did not address all of their claims. Although they fashion their argument as a request to allow their alleged remaining claims to be litigated after this appeal is resolved, in doing so they raise the question of whether the trial court has issued a final, appealable judgment.

5

A judgment is a final judgment if "it disposes of all claims as to all parties." Ind. Appellate Rule 2(H). Stated differently, a final judgment ends the case and leaves nothing for future determination. *Waldrip v. Waldrip*, 976 N.E.2d 102, 109 (Ind. Ct. App. 2012). Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction and is not waivable by the parties. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). Neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable as a final judgment. *Id.*

In this case, the trial court's order granting summary judgment to Twin Lakes discussed only R&M and the Trust's claim for trespass. However, the subsequent October 2, 2013 order clarified and provided that the court entered judgment in favor of Twin Lakes on "all claims as to all parties." We take at face value the court's statement that it considered all of R&M and the Trust's claims in the course of granting summary judgment to Twin Lakes. A trial court is not required to provide written findings of fact and conclusions of law on summary judgment. *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*. We thus conclude that the October 2, 2013 order was a final, appealable judgment and proceed to the merits of the parties' claims.

## II. SUMMARY JUDGMENT

When reviewing a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). The moving party bears the initial burden of presenting a prima facie case showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* If the moving party bears its burden, then the non-moving party

6

must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009).

The fact that the parties have filed cross-motions for summary judgment does not alter our standard of review. *Garrett v. Spear*, 998 N.E.2d 297, 302 (Ind. Ct. App. 2013). Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

## A.

### R&M and the Trust's Motion for Partial Summary Judgment

R&M and the Trust argue that the trial court should have granted their motion for partial summary judgment on their claim for trespass. A party raising a claim of trespass must establish two elements: (1) the plaintiff must show that he or she possessed the land when the alleged trespass occurred; and (2) the plaintiff must demonstrate that the alleged trespasser entered the land without a legal right to do so. *Holland v. Steele*, 961 N.E.2d 516, 525 (Ind. Ct. App. 2012), *trans. denied*.

Here, it is undisputed that the Trust did not own Lot 218 when the sewer lines and manhole were installed. Consequently, R&M and the Trust's claim of trespass must fail, and they were not entitled to summary judgment on that issue. *See KB Home Ind., Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 308 (Ind. Ct. App. 2010) (plaintiff had no claim for trespass because it did not own the property when the damage occurred).

7

R&M and the Trust assert that they should be allowed to bring a trespass claim against Twin Lakes under the doctrine of fraudulent concealment. Fraudulent concealment is an equitable doctrine which operates to prevent a defendant from asserting the statute of limitations as a bar to a claim where the defendant, by his or her own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim. *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 931 (Ind. Ct. App. 2003). Here, Twin Lakes did not raise a statute of limitations defense in its motion for summary judgment. Rather, Twin Lakes successfully argued that R&M and the Trust failed as a matter of law to establish all of the elements of trespass. Further, there is no evidence that Twin Lakes acted to prevent R&M and the Trust from learning about the manhole and sewer lines. Thus, fraudulent concealment is inapplicable.

R&M and the Trust also argue that a new trespass occurred when Twin Lakes chose to abandon the sewer line and manhole rather than remove them. This is an incorrect reading of the facts. R&M and the Trust requested that Twin Lakes remove and relocate the sewer line. The sewer line and manhole in Lot 218 were present for years prior to cessation of use and abandonment by Twin Lakes. Twin Lakes's refusal to remove them does not constitute a new or separate act of trespass. The trial court did not err by denying R&M and the Trust's motion for partial summary judgment on their claim of trespass because the claim fails as a matter of law.

8

Twin Lakes's Motion for Summary Judgment

Twin Lakes argued to the trial court and argues on appeal that pursuant to the terms of the plat and the restrictive covenant, it holds an easement over all sewer lines and related fixtures in the Lakes of the Four Seasons subdivision, regardless of whether the lines are located within the fifteen-foot-wide utility easement shown on the plat-map. R&M and the Trust disagree with Twin Lakes.

Resolving this issue requires us to consider our rules for construing plats and restrictive covenants. When lands are granted according to a plat, the plat becomes part of the grant or deed by which the land is conveyed, with respect to the limitations placed on the land. *Grandview Lot Owners Ass'n, Inc. v. Harmon*, 754 N.E.2d 554, 557 (Ind. Ct. App. 2001), *trans. denied*. We thus review the terms of a plat according to our rules of construction for grants and deeds, which are contracts. Similarly, a restrictive covenant is a form of contract. *Id.* We thus also review covenants under our rules of construction for contracts.

The primary purpose in construing a contract is to ascertain and give effect to the parties' mutual intent. *Perfect v. McAndrew*, 798 N.E.2d 470, 479 (Ind. Ct. App. 2003). Intent is determined from the specific language used and the situation as it existed at the time that the contract was made. *Harmon*, 754 N.E.2d at 557. If the language of the contract is clear and unambiguous, it must be given its plain and ordinary meaning. *Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). In general, the construction of a written contract is a question of law for the court, making summary

judgment particularly appropriate in contract disputes. *Jenkins v. S. Bend Cmty. Sch. Corp.*, 982 N.E.2d 343, 347 (Ind. Ct. App. 2013), *trans. denied*.

In this case, the plat provides, in relevant part:

An easement is hereby granted to all public utility companies . . . severally and private utility companies where they have a Certificate of Territorial Authority to render service, and their respective successors and assigns, to install, place and maintain sewers, water mains, conduits, cables, poles and underground wires with all necessary appliances in, upon, along and over the strips of land designated on the plat or stated in the Declaration of Restrictive Covenants and marked 'UTILITY AND DRAINAGE EASEMENT,' for the purpose of serving the public in general with sewer, water, gas, electric, and telephone service, including the right to use the streets where necessary, together with the right to enter upon said easements for public utilities at all times for any and all of the purposes aforesaid . . . .

Appellants' App. p. 143. In addition, the Declaration of Restrictive Covenants provided, with respect to sewer easements:

On the recorded plat of the Subdivision there is depicted the location of a line of sanitary sewers. Every numbered lot in the Subdivision that is crossed by said line of sanitary sewers shall be subject to an easement for the installation, operation, maintenance, repair, renewal, replacement, relocation, or removal of said line of sanitary sewers, which easement shall encumber a strip of land that is 15 feet in width.

*Id.* at 110.[2]

The clear and unambiguous language of the plat and the restrictive covenants, read together, indicate that the utility easement has been limited to the "strips of land" or the "line of sanitary sewers" as shown on the plat-map, in a strip fifteen feet in width. We thus reject Twin Lakes's assertion that those documents grant it an easement over all

[2] The subdivision's property owners association issued and filed revised restrictive covenants in 2000. The portion of the revised covenants addressing sanitary sewer easements does not substantially differ from the original covenants. *See* Appellants' App. p. 138.

sanitary sewer pipes and related equipment throughout the Lakes of the Four Seasons subdivision, regardless of whether the pipes and equipment were installed within the areas designated on the plat-map for utilities.[3]

Twin Lakes argues that unless the plat and covenants are construed to cover all sanitary sewer lines in the subdivision regardless of whether they were installed within the easement boundaries shown on the plat-map, then it will be deprived of the right to maintain sewer equipment that was erroneously installed outside the boundaries of the easement. Twin Lakes further argues that preventing it from maintaining such equipment is contrary to the public purpose for which the easement was created.

We are bound by our standards of contract interpretation: if the language of a contract is unambiguous, "we may not look to extrinsic evidence to expand, vary, or explain the instrument." *Beazer Homes Ind., LLP v. Carriage Courts Homeowners Ass'n, Inc.*, 905 N.E.2d 20, 23 (Ind. Ct. App. 2009), *trans. denied*. Having determined that the plain language of the plat and restrictive covenants cannot support the broad interpretation offered by Twin Lakes, we may not consider Twin Lakes's policy arguments.

Twin Lakes is not entitled to summary judgment on its request for declaratory relief because the sanitary sewer easement does not cover equipment that was installed

---

[3] Twin Lakes further appears to argue that in the alternative, it has an implied easement over the sanitary sewer fixtures in question. Appellee's Br. p. 13. Twin Lakes did not present this argument to the trial court in its summary judgment documents. It is thus being presented for the first time on appeal and is waived. *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 340 (Ind. Ct. App. 2013).

outside the easement boundaries set forth in the plat-map as recorded.[4]  As a result, we reverse the trial court's grant of summary judgment to Twin Lakes on this point.

C.

R&M and the Trust's Remaining Claims

As noted above, we consider the trial court's grant of summary judgment to Twin Lakes as addressing all of R&M and the Trust's claims.  Having determined that the trial court's grant of summary judgment must be reversed as to Twin Lakes's request for declaratory judgment, we must address R&M and the Trust's claims.  An appellate court may affirm summary judgment if it is proper on any basis shown in the record.  *Pfenning v. Lineman*, 947 N.E.2d 392, 408-09 (Ind. 2011).

*Trespass and "Encroachment."*  As noted above, R&M and the Trust's claim of trespass fails as a matter of law because they did not own the property when the alleged trespass occurred.  Thus, Twin Lakes was entitled to summary judgment on these claims.

*Conversion.*  Conversion, as a civil tort, is the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his or her possession, under a claim and title inconsistent with the owner's.  *Schrenker v. State*, 919 N.E.2d 1188, 1194 (Ind. Ct. App.

---

[4] We express concern that, although Twin Lakes asserted an easement over all sewer pipes and fixtures located throughout the Lakes of the Four Seasons subdivision regardless of whether they are located within the easement boundaries, Twin Lakes did not name the subdivision's homeowners association or individual homeowners as parties in its complaint or otherwise give those entities an opportunity to respond to its far-reaching claim.

2010), *trans. denied*.  In this case, land rather than personal property is at issue, so the claim of conversion must fail.

*Unjust Enrichment*.  To recover for unjust enrichment, a plaintiff must generally show that:  he or she rendered a benefit to the defendant at the defendant's express or implied request; that the plaintiff expected payment from the defendant; and that allowing the defendant to retain the benefit without restitution would be unjust.  *Reed*, 980 N.E.2d at 296.  Here, there is no evidence that R&M or the Trust rendered a benefit to Twin Lakes at Twin Lakes's request or that they expected payment from Twin Lakes.  The claim of unjust enrichment therefore fails.

*Inverse Condemnation*.[5]  The process of inverse condemnation serves to provide a remedy for taking of property that would otherwise violate article 1, section 21 of the Indiana Constitution.  An action for inverse condemnation requires:  (1) a taking or damaging (2) of private property (3) for public use (4) without just compensation being paid and (5) by a governmental entity that has not instituted formal proceedings.  *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010).

A taking includes any substantial interference with private property that destroys or impairs one's free use and enjoyment of the property or one's interest in the property.  *Town of Georgetown v. Sewell*, 786 N.E.2d 1132, 1139 (Ind. Ct. App. 2003).  Even if property has been "taken" within the meaning of the constitutional provisions, it may be inferred that damages have been waived where a long period of time has elapsed since

---

[5] R&M and the Trust raised claims for "taking of property," Appellants' App. p. 41, and "loss of its property interests," *id.* at 42.  We view these claims as encompassed by the claim of inverse condemnation.

13

the appropriation of the property. *Rodman v. City of Wabash*, 497 N.E.2d 234, 241 (Ind. Ct. App. 1986), *trans. denied*.

Twin Lakes maintained the sewer pipes and related equipment at issue in this case, but it did not install them in Lot 218. It appears that the pipes and manhole were installed decades ago, and thus any appropriation occurred long ago. Further, R&M and the Trust, through Morin, are sophisticated in matters involving land purchases and lot development. Morin could have discovered the manhole and sewer pipes during multiple visits involving the clean-up of the burned-down house and subsequent negotiations pertaining to the sale of Lot 218. In fact, he discovered the manhole on the day the sale was closed.[6] There is no dispute of fact that any claim for compensation has been waived. *See id.* (claim for taking of property waived where purchaser of land knew of sewer problems with property at time of purchase). Twin Lakes is entitled to summary judgment on this claim.

*Cloud of title*. A cloud on a title is a semblance of a title, either legal or equitable, or a claim of an interest in lands appearing in some legal form, but which is, in fact, unfounded. *Dodsworth v. Dodsworth*, 254 Ill. 49, 98 N.E. 279, 280 (Ill. 1912). For example, a tax sale certificate could be deemed a cloud on a title. *See Atkins v. Niermeier*, 671 N.E.2d 155, 159 (Ind. Ct. App. 1996). Twin Lakes's abandoned sewer lines and manhole, as well as any lines still in use on the property that may fall outside of

---

[6] Also, to the extent that the sewer lines and manhole are a "substantial interference" with the free use and enjoyment of Lot 218 as alleged by R&M and the Trust, the record is silent as to whether the prior owners of the lot knew that the manhole and lines were installed outside of the easement boundaries or may have received compensation from the subdivision developer for errors in their installation.

the easement, are not equivalent to a claim of title or other interest appearing in legal form. Thus, R&M and the Trust's claim for cloud of title fails as a matter of law.

*Injunctive relief.* A party seeking injunctive relief must demonstrate:

(1) the remedies at law available to the party seeking an injunction are inadequate, thereby exposing that party to irreparable harm pending the resolution of the substantive action if the injunction does not issue; (2) granting the injunction would serve the public interest; (3) the party has established a reasonable likelihood of success at trial by establishing a prima facie case; and (4) the injury to the party seeking the injunction outweighs the harm to the party who would be enjoined.

*Stoffel v. Daniels*, 908 N.E.2d 1260, 1272 (Ind. Ct. App. 2009). Here, because R&M and the Trust's claims cannot succeed as a matter of law, they likewise cannot establish a reasonable likelihood of success on the merits.

Although the trial court erred in granting summary judgment to Twin Lakes as to its claim for declaratory judgment, the court did not err in granting summary judgment on R&M and the Trust's claims. As a result, R&M and the Trust's essential argument – that Twin Lakes is obligated to remove its abandoned fixtures from Lot 218 at its own cost – must fail.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings on Twin Lakes's claims.

Affirmed in part, reversed in part, and remanded.

BRADFORD, J., and PYLE, J., concur.

15