Filed April 17, 1889.

118 293
122 570

No. 13,212.

## GRAY v. SUPREME LODGE, KNIGHTS OF HONOR.

BENEFIT SOCIETY.—*Certificate.*—*Mistake.*—*Reformation Against Beneficiary.*— Where a member of a benefit association contracts for and pays the amount necessary to obtain a certificate for only one thousand dollars, but by the mistake and inadvertence of both parties, or by the mistake of the association, with knowledge on the part of the member, a certificate for two thousand dollars is issued and accepted, the association is entitled to a reformation in an action by the beneficiary upon the certificate.

SAME.—*Payment of Assessments.*—*Averments as to.*—In an action by the beneficiary upon a benefit certificate, an answer that the insured had wholly failed to pay the assessments against him, wherefore he had been sus-

pended and had forfeited the right to recover on the certificate, is sufficient, without alleging that the assessments were not paid by any other person. If the assessments were paid by any other person, that is matter for reply.

SAME.—*Notice of Contract and By-Laws.*—*Beneficiary Bound to Take.*—A beneficiary is bound to take notice of the terms of the contract. between the insured and the benefit association, including the by-laws of the latter, which enter into the contract, and where such beneficiary, in meeting assessments accruing on the certificate, pays only the amount entitling her to one thousand dollars on the death of the insured, she can not resist the reformation of a certificate issued by mistake for a larger sum, on the ground that she, without knowledge of the mistake, had expended money and contracted debts on the faith of the amount stated in the certificate.

SAME.—*Deduction of Assessments.*—*Reformation of Certificate.*—Where an insurance certificate has been issued by mistake of the parties for a larger sum than that contracted for, and only assessments necessary to keep alive a certificate for the amount intended to be stated have been paid, the beneficiary can not, by offering to allow the additional assessments to be deducted, recover the amount erroneously inserted, over a demand by the insurer for a reformation.

From the Marion Superior Court.

*A. F. Denny*, for appellant.

*W. D. Bynum* and *A. T. Beck*, for appellee.

OLDS, J.—This is an action by the appellant against the appellee on a benefit certificate issued by the appellee to Columbus V. Gray, the husband of appellant, in his lifetime, in which certificate the appellant is named as the beneficiary, for the sum of two thousand dollars, to be paid upon the death of said Columbus V. Gray out of the widows' and orphans' funds of said association, the appellee.

The complaint is in the usual form, and no question is presented upon the complaint. The appellee answered in two paragraphs. Appellant demurred separately to each paragraph for want of facts; the demurrers were overruled, and appellant excepted and assigns error.

Appellant filed a reply in two paragraphs, and a demurrer was filed and sustained as to the second paragraph, which ruling is also assigned as error.

The first paragraph of the answer alleges a mutual mistake in the issuing of the policy, whereby it was issued for $2,000 instead of $1,000, and it is contended that the allegations are insufficient, and that it is not such a mistake as can be corrected. The allegations in the answer as to the mistake are as follows: " That by the laws, rules and regulations of the association it was, and has ever since remained, the duty of each and every member, upon presenting himself to receive the third degree, or degree of manhood, to pay to the financial reporter the following rates, or one-half thereof, to wit: Between the ages of fifty-four and fifty-five, four dollars; that the decedent, at the time of presenting himself to receive the third degree, or degree of manhood, paid to the financial reporter, for the use and benefit of the widows' and orphans' benefit fund, the sum of two dollars, the same being one-half of an assessment, and entitling the beneficiary named by the decedent to the sum of one thousand dollars out of said fund upon his death, for which sum he directed a certificate to be issued to himself for the benefit of the plaintiff; that at and prior to the time the decedent became a member, said defendant had prepared and printed blank benefit certificates to members, the full-rate certificates having therein the words ' two thousand dollars,' and said half-rate certificates having printed therein the words ' one thousand dollars;' that the officer and agent of said department, in issuing the said benefit certificate to the said Columbus V. Gray, by inadvertence and mistake, used a full-rate blank, containing the words ' two thousand ' instead of ' one thousand dollars,' which said deceased had contracted for and directed to be issued to him; that said decedent, by inadvertence and mistake, received and accepted said certificate containing said words ' two thousand ' instead of ' one thousand dollars.' And it is further averred that all of the dues, assessments, fines, etc., paid to said defendant by or on behalf of said decedent to keep him in good standing during his said membership, as well as the assessment fees and dues paid by him upon his initiation,

were paid by said decedent, and the only interest ever had or held by the plaintiff in and to said certificate, or the benefits to be paid thereon, she received and held as the voluntary grantee of said decedent, and not otherwise."

The allegations in this paragraph show that the appellee issued two classes of benefit certificates ; that when a member was admitted to a certain degree in the organization he was entitled, upon the payment of four dollars, to a certificate for two thousand dollars, and on the payment of two dollars he was entitled to a certificate for one thousand dollars ; that the decedent, on being admitted to the degree, paid two dollars and contracted for a benefit certificate of one thousand dollars to be issued to him, payable to his wife upon his death. It also alleges that by inadvertence and mistake the officer executed to the decedent, and he received and accepted, a certificate for two thousand, instead of one thousand, dollars. The allegations clearly show such a mutual mistake as may be corrected between the original contracting parties. It is contended by counsel for appellant that the mistake is not mutual ; that it only appears to be the mistake of the appellee's agent and officer issuing the policy or certificate. The answer avers a mistake on the part of the decedent ; it avers that the decedent paid two dollars, entitling him to a certificate for one thousand dollars, and that he directed a certificate to be issued to himself for the benefit of appellant. There is a further averment, that the agent issued a certificate for two, instead of one, thousand dollars, which said decedent had contracted for and directed to be issued to him. Conceding the truth of the averments in this paragraph of answer, which are admitted by the demurrer, one of two things must be true, either that the decedent by mistake received and accepted the certificate for two thousand dollars, believing it to be for one thousand dollars, which he had contracted for, or that he knew of the mistake on the part of the appellee's agent and with such knowledge received and kept the certificate ; and in either event the appellee is enti-

tled to a reformation. In the case of *Roszell* v. *Roszell*, 109 Ind. 354, the court says : "The agreement having been satisfactorily established, if it appears that the mistake was known to one of the parties, who, with knowledge of the ignorance of the other, nevertheless kept silent when he should have spoken, the party having knowledge will be estopped to defeat a reformation by alleging that he knew that the instrument was different from the agreement."

When persons are dealing together, and have entered into a contract, and in reducing the contract to writing, or in executing or performing the same, one person makes a mistake which is known to the other, it is the duty of the person having knowledge of the mistake to inform the other at the time, and this is true regardless of whom the mistake favors. It would hardly be urged by counsel for appellant that if the decedent had paid for a certificate for two thousand dollars, and contracted for it, and directed that it should issue to him, and he had paid dues and assessments on a certificate for two thousand dollars, but it had been issued to him for one thousand dollars by mistake, and that the decedent had received the certificate supposing and believing it was for two thousand dollars, when in fact it was only issued for one thousand, the appellee could defend against the correction of such mistake by admitting that the policy was to be for two thousand ; that the decedent had paid the amount entitling him to a certificate for two thousand, and believed he had received a certificate for that amount, but that the agent of appellee had purposely and intentionally issued the certificate for one thousand dollars. *Keister* v. *Myers,* 115 Ind. 312.

It is urged that the policy can not be corrected as against the appellant, the beneficiary named in the policy ; that she occupies the position of an innocent purchaser for value ; that the husband, in procuring the certificate to be issued in her favor and for her benefit, did so in discharge of an obligation to provide for his wife, and that she has an interest in the policy from the date it issues ; that she is a party to the con-

tract, and that it can not be corrected without alleging and proving that she was cognizant of the mistake. We do not think this theory can be upheld. Even if it be admitted that she is a party to the contract and has an interest in it from the time the certificate was issued, yet the decedent, the husband, acted for her and as her agent, to a certain extent, in making the contract, and a mistake can as well be corrected against her as against the principal in any other contract made by an agent. It could not be contended, we think, if the husband, in dealing with another person, had owing to him one hundred dollars, and by mistake took the person's note for two hundred dollars, and afterwards gave the note to his wife, that the mistake could not be corrected; or that, if in the settlement the note had been, by the direction of the husband, made payable to the wife, the mistake could not be corrected. The case of *Roszell* v. *Roszell, supra,* supports this doctrine, and we think any other rule would be unjust and inequitable. The demurrer was properly overruled to this paragraph.

The second paragraph alleges that it was the duty of every full-rate member to pay four dollars dues on each assessment of which he was notified, and on failure to pay such assessment within thirty days after notice, they stood suspended, and forfeited the right of recovery on the policy, and that the decedent had wholly failed and neglected to pay such assessments within thirty days after having been duly notified, by reason of which failure he had been suspended, and forfeited the right of recovery on the policy.

It is contended that this paragraph is not good, for the reason that it only avers that the decedent did not pay the assessments, and does not allege they were not in fact paid. This objection is not well taken. There was no other person under any obligation to pay such assessments, and the allegation that he failed to pay is sufficient. It will not be presumed that some other person, not liable, has paid such assessments, and if they had been paid by any other person, it

Gray *v.* Supreme Lodge, Knights of Honor.

is proper matter to be pleaded in reply to the answer. There was no error in overruling the demurrer to the second paragraph of answer.

The remaining error assigned is the sustaining of the demurrer to the second paragraph of plaintiff's reply.

The first paragraph of reply is a general denial. The second paragraph is a reply to the first paragraph of answer. It alleges that appellant had no knowledge of defendant's laws; that upon the faith that in the event of the death of her husband she would receive two thousand dollars, she borrowed of one Parish sixty dollars, and paid the assessments due the defendant on account of said contract of insurance; that before she had any knowledge of said alleged mistake, and while relying upon said contract, and expecting to receive said sum of two thousand dollars, she contracted debts and expended money in purchasing a lot in the cemetery and a picture of decedent, the borrowed money in all amounting to over three hundred dollars, which she would not have contracted nor expended in so large amounts had she had knowledge or notice of said alleged mistake.

Some of the conditions stipulated in the certificate, and upon which the payment depends, are : " That said member comply with the laws, rules and regulations now governing the order, or that may be hereafter enacted for its government, and is in good standing at the time of his death, the said supreme lodge hereby agrees to pay, out of the widows' and orphans' benefit fund, to his wife, Susannah Gray, the sum of two thousand dollars."

By the terms of the by-laws it is provided, and so alleged in the answer, that the sum to be paid by a person of the age of the decedent, to entitle him to the payment to a beneficiary named of the sum of two thousand dollars, is the sum of four dollars on each assessment, or two dollars on each assessment to entitle the beneficiary to one thousand dollars at the death of the member. It is a well settled principle that the by-laws of such benevolent associations as

the appellee enter into and become a part of the contract of insurance, even though there was no reference to them in the certificate; but in this case there was a reference to, and an express agreement to comply with, the terms and conditions of the laws of the appellee. *Holland* v. *Taylor*, 111 Ind. 121; *Bauer* v. *Samson Lodge, K. of P.*, 102 Ind. 262; *Supreme Lodge, K. of P.*, v. *Knight*, 117 Ind. 489. Therefore, in construing this contract between the appellee and the appellant, the beneficiary named in the certificate, we must regard the contract as having incorporated into it the by-laws of the association; and when we so consider, there is incorporated in the contract an agreement that to entitle the beneficiary to two thousand dollars on the death of the member, such member must pay to the association four dollars on becoming a member of the manhood degree, and four dollars on each assessment; and that if the member only pays two dollars upon entering such degree, and on each assessment thereafter, the beneficiary named by him shall only be entitled to one thousand dollars.

When the beneficiary paid the assessments alleged in the reply to have been paid by her, she had knowledge, and was bound to take notice, of the terms of the contract by which it was stipulated that the payment of two dollars on such assessment only entitled her to one thousand dollars on the death of her husband; and, under the law, she was supposed to know, and bound to take notice of, the terms of the contract, including the by-laws as a part of the same, when she contracted debts or expended money on the faith of the amount she was entitled to receive in the event of the death of her husband.

We think the paragraph of reply clearly bad. There is one further theory urged by counsel. The reply alleges that upon being informed of the alleged mistake, the appellant offered to pay, or allow to be deducted from said sum of two thousand dollars, the additional sum of two dollars on each assessment, and it is claimed that the proper measure of re-

covery is the sum of two thousand dollars, less the sum of two dollars on each assessment. We can not concur in this theory. If the appellee was entitled to a correction of the contract and to a reduction, the proper remedy was a reformation of the contract, so as to make it speak the truth and carry out the contract as made, and for which a consideration had been paid. When a mutual mistake has been made in reducing a contract to writing, a party, if entitled to relief at all, is entitled to have the contract reformed, so as to speak the truth, and to have it enforced according to the terms as in fact agreed upon. To hold in accordance with the theory of counsel would be to make a new contract for the parties.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

