HIBBARD, Respondent, vs. NORTH AMERICAN LIFE INSUR-
ANCE COMPANY, Appellant.

*February 10—March 8, 1927.*

*Insurance: Construction of ambiguities: Mistake in inserting amount
in option clause: Intent of parties.*

1. If, in construing a life insurance policy, the court can determine
   with reasonable certainty from the nature and general con-
   tents of the contract itself upon what terms the minds of the
   parties met, rules of construction must yield to such determi-
   nation. p. 317.
2. Where an option for the cash surrender of such a policy was
   mistakenly written as exercisable at the end of ten instead of
   twenty years, so as to enable the insured to receive more than
   he paid in and more than double the amount printed in the
   table of cash surrender values for ten years, the option failed
   to express the intention of the parties and could not be en-
   forced. p. 317.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OTTO H. BREIDENBACH, Circuit Judge.
*Reversed.*

Action to recover on a life insurance policy. On the 15th
day of March, 1910, the defendant issued to plaintiff, then
forty-eight years of age, a non-participating whole-life
monthly instalment policy of $100 each, payable for 120
months, or for $10,260 payable in one instalment, the latter
sum being the present value of the instalments at three and
one-half per cent. The annual premium was $378.40. The
policy on page two contained a table of loan and surrender
values, beginning with the third year at $430 and ending
with the twentieth year at $4,640. The surrender value at
the tenth year was $2,070. The policy on page three also
contained a series of four options, only the second of which
is material. The option portion of the policy was printed in
red ink and the printed part was as follows:

"Options guaranteed at the end of —— years. If the
insured is living on the —— day of ——, 19—, provided

all the premiums have been duly paid under this contract, one of the following options may be selected: . . . (2) Surrender this contract for a cash payment of —— dollars, less any indebtedness hereon."

The option portion of the policy was filled in by type-writing in green ink corresponding to the filling in of other blanks in the policy so that it read:

"Options guaranteed at the end of ten years. If the insured is living on the 15th day of March, 1920, provided all the premiums have been duly paid under this contract, one of the following options may be selected: . . . (2) Surrender this contract for a cash payment of four thousand six hundred forty dollars, less any indebtedness hereon."

The contents of the filled-in portions of the option part of the policy were not discovered by either party until the lapse of about ten years. Plaintiff seeks to recover the amount written in under the second option. Defendant claims the option as written was due to a clerical mistake in filling out the blanks; that it should have read: "Options guaranteed at the end of twenty years. If the insured is living on the 15th day of March, 1930," thus making the option clause correspond to the loan and surrender value of the policy as expressed therein, and to what would be a rational and legal insurance contract.

The trial court found that plaintiff was entitled to re-cover under the second option as written, and from a judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Bendinger, Graebner, Hayes & Hofer* of Milwaukee, attorneys, and *Thomas Rooney* of Chicago, of counsel, and oral argument by *Gerald P. Hayes*.

For the respondent there was a brief by *Arthur A. Mueller*, attorney, and *Emmet Horan, Jr.*, of counsel, both of Milwaukee, and oral argument by *Mr. Horan*.

VINJE, C. J. Plaintiff seeks to recover on the terms of the policy, relying upon the language as filled out in

the portion relating to options found on page three, and calls attention to the rule that portions written into a contract generally control as against the printed portions thereof, especially when the former are in words and the latter in figures, and that insurance contracts should be construed favorably to the insured. The defendant bases its defense on the terms of the policy, relying upon the table of loan and cash surrender values, and invokes the general rule that if an unambiguous agreement is found in a contract it controls as against subsequent ·apparent or real conflicts therewith. Citing *Wis. M. & F. Ins. Co. Bank v. Wilkin,* 95 Wis. 111, 69 N. W. 354.

As we view this case, we think neither of the rules invoked is very helpful in answering the question presented by the appeal. That question is, Upon what terms did the minds of the parties meet? ·If we can answer that to a reasonable certainty from the nature and general contents of the contract itself, rules of construction must yield to such answer.

Plaintiff was a business man forty-eight years of age who had had some experience in entering into insurance contracts. He had previously taken out four or five. He desired to secure a policy that would upon his death pay $100 monthly instalments for 120 months or $10,260 in one payment, at the option of the beneficiary. The policy also provided for other options. The annual premium was $378.40. He does not claim that the subject of options was particularly spoken of at the time. the policy was contracted for. He did not observe the terms of option two as written in until about ten years after the policy was issued when he wanted to make a loan on it. The defendant was in the insurance business, writing policies upon terms that would enable it to continue in that business and remain solvent. Indeed, our laws require it to make the terms of policies such that it can meet all lawful demands. It is shown by uncontradicted testimony by the actuary of the company

that in the option portion the word "ten" before the word "years" was by mistake written in by a clerk of the company instead of the word "twenty," and the year "1920" was mistakenly written instead of the year "1930."

Like testimony shows that the annual premium of $378.40 would under any rational insurance business do no more than earn $2,070 in ten years and carry the risk. It also shows that if plaintiff could recover the amount claimed, he would get more than he paid in and have insurance for ten years in the amount of $10,260, the cost of which would be not less than $2,000. In view of such testimony and such a result, can it for a moment be seriously claimed that such was the contract the parties or either of them had in mind? We think not. The statement of the proposition is the clearest and most convincing argument that can be made in favor of the result we reach, and dispenses with the application of other rules of construction. It may be safely asserted that both parties contemplated a contract not substantially out of harmony with the rates and terms that prevailed among like or similar insurance companies. And it is held that such was the contract actually entered into, and that the terms of option two as written in failed to express the intent of the parties. Such intent is expressed in the table of loan and cash surrender values. It follows from this that the trial court erred in permitting a recovery under option two as written.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.