**NEW ENGLAND MUT. LIFE INS. CO. v. JONES.**

No. 963.

District Court, E. D. Kentucky.

Feb. 27, 1930.

Bruce & Bullitt, of Louisville, Ky., for plaintiff.

Stephens & Steely, of Williamsburg, Ky., for defendant.

ANDREW M. J. COCHRAN, J.

This suit is before me on final hearing. On March 18, 1924, the plaintiff issued to defendant's intestate, Robert Jones, a twenty-payment life policy for $1,500, with double indemnity for accidental death. In the description of the policy on its back and again on its first page at the foot thereof it is referred to as "Double Indemnity for Accidental Death." The provision in it concerning such indemnity is entitled "Double Indemnity in case of death from accident." The meaning of these expressions is that in case of accidental death the plaintiff would pay the decedent an additional $1,500. It means that and nothing else. That provision as it was before the policy was issued was that the plaintiff in case of accidental death would "pay ——— dollars in addition to the face amount of this policy." When it was issued, this blank was filled in with the words "Five Thousand." The meaning of the expression quoted required that it be filled in with the words "Fifteen Hundred." It was recited thereafter in the provision that "the premium specified in this policy includes a premium of $2.10 for the Double Indemnity Provision." Here again this provision is termed a "Double Indemnity Provision" and the premium of $2.10 was paid for $1,500 and not $5,000. The insured died by accident on May 15, 1928. This suit was brought after his death. The bill alleges that the words "Five Thousand" were inserted in the policy instead of "Fifteen Hundred" by the mutual mistake of the plaintiff and the decedent, and seeks a reformation of the policy to make it conform to the real contract between the parties. The evidence clearly establishes that the insertion of the words "Five Thousand" in the double indemnity provision of the policy was a clerical mistake. That it was so is established by the face of the policy itself. Three thousand and not sixty-five hundred is the double of fifteen hundred, and the policy called for double indemnity and no more. The mistake was not only on the part of the plaintiff. It was also on the part of the insured. The mistake was mutual. In Williston on Contracts, vol. 3, p. 2745, it is said that "Knowledge by one party of the other's mistake regarding the expression of the contract is equivalent to mutual mistake." The insured, if he read his policy, and it must be taken that he did—he cannot be heard to say that he did not; defendant cites authorities to this effect—knew that a mistake had been made. He knew that what he was buying was a double indemnity policy, and

that $3,000 and not $6,500 was the double of $1,500, and that therefore what should have been inserted was "Fifteen Hundred" and not "Five Thousand." He had no right to take any other view of the matter. It follows that plaintiff is entitled to the relief it seeks. It makes no difference that suit was not brought until after the death of the insured. The decisions cited by plaintiff are all in point, and uphold this position. They are the following, to wit: Hemphill v. New York Life Ins. Co., 195 Ky. 783, 243 S. W. 1040; New York Life Ins. Co. v. Gilbert, 215 Mo. App. 201, 256 S. W. 148; Stark v. Masonic Life Association (Sup.) 180 N. Y. S. 235; Gray v. Supreme Lodge, Knights of Honor, 118 Ind. 293, 20 N. E. 833; Buck v. Equitable Life Assur. Soc. of U. S., 96 Wash. 683, 165 P. 878; Rougon v. Equitable Life Assur. Soc. of U. S., 146 La. 132, 83 So. 434; Hibbard v. North American Life Ins. Co., 192 Wis. 315, 212 N. W. 779.

In some of these cases the suit was brought after the death of the insured. None of the decisions cited by defendant are against the conclusion reached. I do not find it necessary to differentiate them from the case in hand. Indeed the only possible consideration against plaintiff's right to the relief it seeks is whether this is a case calling for reformation in order to correct the mistake. It may be open to say that a true construction of the policy according to all its provisions and expression is that it calls for the payment in case of accidental death of the sum only of $1,500 in addition to the face amount of the policy, notwithstanding the express provision that plaintiff would pay $5,000. In construing a written contract, one should not confine himself to a single expression in it. To do so may be to stick in the bark. He should take into consideration all its expressions. It is possible for one expression to correct another. The defendant ignores the expression in the policy, four times repeated, that it was for a double indemnity, which means the payment of $1,500 in addition to the face amount of the policy in case of accidental death, and that just as much so as the expression that plaintiff would pay $5,000 in addition means that it would pay that sum. If this position is sound, then in a suit on the policy the plaintiff could have contended that the defendant was entitled to judgment for $3,000 and not $6,500, instead of having to resort to a bill in equity to correct the obvious mistake. ██ There is no foundation for defendant's claim that plaintiff is barred of the relief which it seeks by laches. It did not discover the mistake until after the assured's death. The possession of the policy by plaintiff's local agent, Brown, was not on its behalf, but on the decedent's behalf and as his banker.

The plaintiff is entitled to a decree.