**RMJ ENTERPRISES, INC.,**
**Appellant–Plaintiff,**

v.

**SCOTTSDALE INSURANCE CO.,**
**Appellee–Defendant.**

No. 49A02–0309–CV–796.

Court of Appeals of Indiana.

May 17, 2004.

Rehearing Denied Aug. 2, 2004.

Thomas M. Weinland, Frazier & Associates, Indianapolis, IN, Attorney for Appellant.

Robert A. Smith, Peter G. Wenzl, Smith & Wade, Carmel, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

RMJ Enterprises, Inc. ("RMJ") appeals the trial court's grant of summary judgment to Scottsdale Insurance Co. ("Scottsdale"), the denial of RMJ's cross-motion for summary judgment, and the trial court's denial of RMJ's motion to correct error. RMJ raises one issue, which we restate as whether the limit of coverage on the insurance policy provided to RMJ by Scottsdale was $135,000 or $270,000. We reverse and remand.

The relevant facts designated by the parties follow. Surplus Insurance Brokers Agency, Inc. ("Surplus") was the general agent for Scottsdale and issued Scottsdale

insurance policies to Rural Insurance Agency, Inc. ("Rural") for RMJ. RMJ owns a two-story building located at 735 E. Harrison Street in Indianapolis ("Harrison Street Property") along with various other vacant properties.

In 1995, Rural submitted an application for insurance on behalf of RMJ and requested coverage on RMJ's properties, including coverage in the amount of $135,000 on the Harrison Street Property. Scottsdale issued a policy that was effective August 17, 1995, to August 17, 1996, and that covered the Harrison Street Property along with the other properties owned by RMJ in exchange for a premium of $3,300. The supplemental declarations sheet described the "location, construction and occupancy" of the premises as, "On the approved roof, frame building, occupied as a vacant building, 1 Apartment, located at 735 E. Harrison, Indianapolis, IN 46204" and insured the building for $135,000. Appellant's Appendix at 47.

On August 15, 1996, Rural requested a renewal of the policy for RMJ. Scottsdale issued a renewal certificate for the policy effective August 17, 1996, to August 17, 1997, in exchange for a premium of $3,300.

On August 8, 1997, Rural again requested a renewal of the policy and submitted an application requesting coverage of $135,000 on the Harrison Street Property. The application noted that the second floor of the building was an owner-occupied apartment and that the first floor of the building was an office occupied by RMJ. Scottsdale issued a renewal certificate for the policy effective August 17, 1997, to August 17, 1998, that insured the Harrison Street Property along with various other properties owned by RMJ in exchange for a premium of $2,200. The supplemental declarations sheet described the "location, construction and occupancy" of the premises as, "On the approved roof, frame building, owner occupied as [an] office and upstairs apartment, located at: 735 E. Harrison, Indianapolis, IN 46204" and insured the building for $135,000. *Id.* at 58.

On August 12, 1998, Rural requested a renewal of the policy with "no changes" and submitted an application signed by RMJ. *Id.* at 61. On the application, RMJ requested coverage of $135,000 on the Harrison Street Property. Scottsdale issued a policy effective August 17, 1998, to August 17, 1999, in exchange for a premium of $2,250. The supplemental declarations sheet described the coverages in two separate tables. The first table described the coverage as "on approved roof, frame bldg., owner occupied as office" with an insurance limit of $135,000. The second table described the coverage as "upstairs apartment" with an insurance limit of $135,000. *Id.* at 66. However, on the copy of the supplemental declarations sheet designated by the parties during the summary judgment proceedings, a handwritten line was drawn through the "upstairs apartment" table and the words "& apt." were handwritten after "on approved roof, frame bldg., owner occupied as office." *Id.* On the following page of the policy, a schedule of locations listed fifteen different properties. Although the "office" and "apartment 2nd floor" are listed separately, both are listed as "Prem. No. 1." *Id.* at 67.

On August 12, 1999, Rural requested a renewal of the policy, and Scottsdale issued a renewal certificate for the policy effective August 17, 1999, to August 17, 2000, in exchange for a premium of $2,250.

On October 6, 1999, a fire damaged the Harrison Street Property, and RMJ suffered damages exceeding $135,000. Scottsdale determined that the policy limit for the building was $135,000 and paid RMJ $135,000 plus $9,360 for debris removal. RMJ argued that the policy limit

was $270,000, and Scottsdale informed RMJ's counsel that:

> [RMJ] also enclosed a Proof of Loss for replacement cost claim of $215,483.35. The policy coverage is for actual cash value and not replacement cost. This claim amount is rejected.
>
> In addition, the proof of loss shows that the limit of insurance is $270,000 on the building for the date of loss and is in error in that the actual limit was $135,000.00. [Surplus] advises that due to a typographical error, the limit was shown twice on the policy declaration sheets and that error has been corrected. [Surplus] tells us that the premium charge to [RMJ] was only for the $135,000.00 limit. Further, the renewal application submitted by [RMJ's] agent and signed by [RMJ's] representative requests only $135,000.00 coverage and states "no changes" in the prior coverage of $135,000.00.
>
> The proof of loss form is, therefore, rejected in its entirety.

*Id.* at 28.

RMJ filed a complaint against Scottsdale, alleging that the policy limits were $270,000 and that Scottsdale had refused to pay RMJ's damages in excess of $135,000. Scottsdale filed a motion for summary judgment, arguing that the coverage limit on the policy was $135,000. RMJ responded to Scottsdale's motion for summary judgment and filed a cross-motion for summary judgment, arguing that the coverage limit on the policy was $270,000. The trial court granted Scottsdale's motion for summary judgment as follows:

1. The fire insurance coverage facts are undisputed.

2. As a matter of law, the policy of insurance in question provided fire coverage in the amount of $135,000, not $270,000 as [RMJ] contends.

3. Scottsdale has fully paid the limit of the fire insurance coverage on RMJ's building in the amount of $135,000 and Scottsdale has no further contractual liability on said claim.

There is no just reason for delay and the Court directs entry of judgment for [Scottsdale].

*Id.* at 114. RMJ filed a motion to reconsider/ motion to correct error and submitted an affidavit from Rita Raymond, president of RMJ. In the affidavit, Raymond alleged that she had been advised that she needed to obtain separate insurance coverage for the apartment and had requested separate insurance for the two parts of the building. The trial court denied RMJ's motion.

■■■ Our standard of review for a trial court's grant of a motion for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Corr v. Am. Family Ins.,* 767 N.E.2d 535, 537–538 (Ind.2002). The moving party must designate sufficient evidence to eliminate any genuine factual issues, and once the moving party has done so, the burden shifts to the nonmoving party to come forth with contrary evidence. *Shambaugh & Son, Inc. v. Carlisle,* 763 N.E.2d 459, 460–461 (Ind.2002). The court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party. *Id.* The fact that the parties made cross-motions for summary judgment does not alter our standard of review. *Hartford Accident & Indem. Co. v. Dana Corp.,* 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans.*

*denied.* Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

■ The sole issue is whether the limit of coverage on the insurance policy provided to RMJ by Scottsdale was $135,000 or $270,000. Consequently, this case requires us to interpret an insurance policy. Insurance policies are governed by the same rules of construction as other contracts. *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 243 (Ind.2000). "When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract." *Burkett v. Am. Family Ins. Group,* 737 N.E.2d 447, 452 (Ind.Ct.App. 2000). We construe the insurance policy as a whole and consider all of the provisions of the contract and not just individual words, phrases, or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Bosecker,* 724 N.E.2d at 244. However, "[a]n ambiguity does not exist merely because the parties proffer differing interpretations of the policy language." *Burkett,* 737 N.E.2d at 452. The proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment. *Bosecker,* 724 N.E.2d at 243.

■ RMJ argues that the policy unambiguously provided for $270,000 in coverage. Scottsdale also argues that the policy is unambiguous but contends that the policy "clearly provided for a limit of $135,000 of insurance coverage." Appellee's Brief at 2. Neither party's brief was particularly helpful, as neither party offered an analysis of the pertinent language of the policy or even quoted the pertinent language. We are constrained to give the policy's language its plain and ordinary meaning unless the language is ambiguous. Although a review of the parties' previous policies, premiums, and RMJ's application for the policy at issue here makes it reasonably clear that only $135,000 of coverage was intended, if the language of the policy at issue is unambiguous, we cannot consider such extrinsic evidence.[1]

■ In attempting to review the language of the policy, we note that RMJ did not attach a copy of the policy at issue to its complaint. *See* Ind. Trial Rule 9.2(A) ("When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading."). Thus, we are left only with the copy of the supplemental declarations sheet that was submitted as Exhibit H to the Affidavit of Surplus, which was designated in support of Scottsdale's motion for summary judgment and redesignated by RMJ in opposition to Scottsdale's motion and in support of its cross-motion for summary judgment. The supplemental declarations sheet described the coverages in two separate tables. The first table described the coverage as "on approved roof, frame bldg., owner occupied as office" with an insurance limit of $135,000. The second table described the coverage as "upstairs apartment" with an insurance limit of $135,000. *Id.* at 66. However, on the copy of the supplemental declarations sheet designated by the parties during the summary judgment proceedings, a handwritten line

1. Because we determine that genuine issues of material fact exist, we need not address the parties' arguments regarding the propriety of

RMJ's affidavit that was submitted with its motion to correct error.

was drawn through the "upstairs apartment" table and the words "& apt." were handwritten after "on approved roof, frame bldg., owner occupied as office." *Id.* Neither party designated evidence as to when or by whom the revisions were made to the policy. Although Scottsdale designated a letter that it sent to RMJ's counsel wherein it noted that "due to a typographical error, the limit was shown twice on the policy declaration sheets and that error has been corrected," this letter does not indicate when the error was corrected. *Id.* at 28.

If the policy was issued without the handwritten revisions, then the policy could be read to provide for $135,000 in coverage for the "approved roof, frame bldg., owner occupied as office" and for $135,000 in coverage for the "upstairs apartment" for a total of $270,000 in coverage. *Id.* at 66. However, if the policy was issued with the handwritten revisions, then the policy unambiguously provides for $135,000 in coverage for the "approved roof, frame bldg., owner occupied as office & apt." *Id.* Consequently, we conclude that there are genuine issues of material fact that preclude summary judgment in this case.[2]

For the foregoing reasons, we reverse the trial court's grant of summary judgment to Scottsdale and remand for proceedings consistent with this opinion.

Reversed and remanded.

MATHIAS, J. and VAIDIK, J., concur.

---

2. We also note that if the revisions occurred after the policy was issued, this would seem to be a good case for reformation of the contract. In Indiana, equity has jurisdiction to reform written documents in two situations: (1) where there is a mutual mistake, i.e., where there has been a meeting of the minds, an agreement actually entered into, but the document in its written form does not express what the parties actually intended; or (2) where there has been a mistake by one party, accompanied by fraud or inequitable conduct by the remaining party. *Plumlee v. Monroe Guar. Ins. Co.*, 655 N.E.2d 350, 356 (Ind.Ct.App.1995), *reh'g denied, trans. denied.*

A mistake by a scrivener will permit reformation of an instrument if it is logically indicated that both parties were mistaken as to the actual contents of the instrument. *Beradi v. Hardware Wholesalers, Inc.*, 625 N.E.2d 1259, 1262 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* Our supreme court held that reformation was appropriate under similar circumstances in *Gray v. Supreme Lodge, Knights of Honor*, 118 Ind. 293, 20 N.E. 833 (1889). However, Scottsdale does not argue that the contract should be reformed. Thus, we will leave this issue for the trial court to consider on remand if presented by the parties.