**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 25 2013, 6:18 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**EDWARD P. GRIMMER**
**DANIEL A. GOHDES**
Edward P. Grimmer, P.C.
Crown Point, Indiana

ATTORNEY FOR APPELLEE:

**KEVIN W. MARSHALL**
Hobart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LORRAINE V. KUCKI, MICHAEL J. KUCKI, ) | |
| MICHAEL R. BRADASH, ZIESE & SONS ) | |
| EXCAVATING, INC.; CONSTRUCTION ) | |
| SERVICES, INC.; BIESEN EXCAVATING, INC. ) | |
| And V & H EXCAVATING, INC., ) | |
| ) | No. 45A03-1210-CT-422 |
| Appellants-Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| JESSICA ARCHER, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John R. Pera, Judge
Cause No. 45D10-0910-CT-185

**July 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Loraine V. Kucki and Michael J. Kucki ("the Kuckis"), Michael R. Bradash ("Bradash"), Ziese & Sons Excavating, Inc., Construction Services, Inc., Biesen Excavating, Inc., and V & H Excavating, Inc. (collectively, "the Defendants") appeal from the trial court's order denying the Defendants' joint motion for summary judgment, contending that the trial court erred in ordering the substitution of a plaintiff with no damages as the real party in interest.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Lindal Hairston ("Hairston") filed a complaint against the Defendants on October 8, 2009, alleging negligence, nuisance, and trespass to property he claimed he owned in Cedar Lake, Indiana. Hairston alleged that the Defendants had "engaged in earth disturbing construction activities including placing fill and waste materials" on his and other properties. *Appellant's App*. at 27. Each of the Defendants moved to dismiss Hairston's complaint, citing his lack of standing because he did not own the real property. The trial court treated all pending motions as a motion for summary judgment and denied them by order on July 23, 2010. The Defendants filed motions for summary judgment, and each were denied by order on April 25, 2011. In its order, the trial court detailed the history of the ownership of the property and the alleged activity of the Defendants giving rise to the filing of the complaint.

The trial court found that on November 11, 2004, Hairston's stepfather, Raymon Flatt ("Flatt") died intestate. *Id*. at 60. Jessica Archer ("Archer"), Flatt's daughter and Hairston's half-sister, was the personal representative of Flatt's Estate and inherited the

2

property at issue. *Id.* at 61. On November 12, 2004, Archer gave Hairston "total control" of the property, and Hairston has maintained it since November 2004. *Id.* Then, on September 12, 2008, Archer, "as Trustee of the Flatt Living Trust," quitclaimed the property to Hairston for consideration of $100.00 "reserving and excepting there from[sic], however, unto Grantor the full use, control, income, possession of said real estate." *Id.* Less than a year later, the probate court approved an amended order correcting a scrivener's error which resulted in the entire property vesting in Archer.

Bradash owned property adjacent to the property at issue, and the Kuckis's property abutted both the property at issue and the Bradash property. In October 2008, MS4 Compliance Inspector John R. Sabo sent cease-and-desist letters to Bradash and the Kuckis, demanding that they cease and desist "all earth disturbing activities except corrective action." *Id.* The Army Corps of Engineers and the Indiana Department of Environmental Management determined that illegal dumping in wetlands took place on the Kucki and Bradash properties. Hairston claimed damage to the property as a result of the Defendants' earth-disturbing actions, following heavy rains on the weekend of September 13, 2008.

The trial court found that Archer was the real party in interest and granted Hairston time in which to join her in the cause of action. In so doing, the trial court found the September 12, 2008, deed to be ambiguous with respect to the ownership rights of Archer and Hairston, especially in light of the fact that Archer granted the property to Hairston in her capacity as trustee of a trust that never existed. The Defendants' motions for summary judgment were denied pending Hairston's compliance with Indiana Trial

3

Rule 17(A), the trial rule pertaining to real parties in interest.

By order, the trial court substituted Archer as the real party in interest based upon Archer's ratification of action and her consent to the substitution. Archer notified the trial court that she "has signed a power of attorney in favor of Lindal Hairston, who is solely familiar with [the] property and the case since 2004, to act as her attorney in fact in the prosecution of this case." *Appellee's App*. at 1.

During a discovery deposition, Archer stated that her intent was to give the property to Hairston because she lived in California and could not maintain it, and that she did not know how to maintain it. Archer was asked to explain her claim against the Defendants, to which she responded, "I have no claim. I was told that I was being brought here to be questioned about the previous state of the property when it was under my control." *Appellant's App*. at 155. When asked if she had any information about the previous condition of the property, she replied that she did not. She did testify about her recollection of the property based on the two occasions she had been there, once shortly after Flatt purchased it and once after he passed away.

The Defendants filed a joint motion for summary judgment contending that Archer could not establish that she was entitled to relief because she had not suffered any damages. They argued that Archer could not succeed as the plaintiff in the action because she gave the property to Hairston prior to the occurrence of any of the alleged damages. Archer filed her opposition to the joint motion for summary judgment, contending that the damage to the property occurred during a period in which Archer and Hairston handled all aspects of the property through a principal and agent relationship.

4

After hearing arguments of counsel and reviewing the tendered designated evidence, the trial court found genuine issues of material fact existed precluding the entry of summary judgment. The trial court entered its order granting the Defendants' motions to certify for interlocutory appeal its order denying summary judgment.

## DISCUSSION AND DECISION

The Defendants appeal from the trial court's order contending that the denial of summary judgment was erroneous. According to the directives of Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. On review of a trial court's grant or denial of summary judgment, this court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). We must make the determination whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. *Id*. Just as the trial court could not look beyond the evidence specifically designated to the trial court, our review is likewise so limited. *Id*.; *see also* Ind. Trial Rule 56(C), (H).

The party seeking summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Am. Mgmt, Inc. v. MIF Realty L.P.*, 666 N.E.2d 424, 428 (Ind. Ct. App. 1996). Once the movant satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-movant may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id*.

The court must accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-movant, and resolve all doubts against the moving party. *Shambaugh & Son, Inc. v. Carlisle*, 763 N.E.2d 459, 461 (Ind. 2002).

On appeal, we will assess the trial court's decision to ensure that the parties were not improperly denied their day in court. *Id*. A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *U-Haul Int'l, Inc. v. Nulls Mach. and Mfg. Shop*, 736 N.E.2d 271, 274 (Ind. Ct App. 2000).

> The concepts of standing and real party in interest are often, incorrectly, considered one and the same. Although they are quite similar, they are indeed different concepts. The standing doctrine is designed to assure that litigants actively and vigorously pursue their claims. Specifically, standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. A plaintiff has standing if: (1) he can demonstrate a personal stake in the outcome of the lawsuit, and (2) he can show that he has sustained or was in immediate danger of sustaining some direct injury as a result of the conduct at issue.
>
> In contrast, a real party in interest is the person who is the true owner of the right sought to be enforced. He is the person who is entitled to the fruits of the action. Indiana Trial Rule 17(A) states, "[e]very action shall be prosecuted in the name of the real party in interest."

*Union Twp. Sch. Corp. v. State ex rel. Joyce*, 706 N.E.2d 183, 187-88 (Ind. Ct. App. 1998) (internal citations omitted).

The Defendants argue that Archer's claims against them fail because she has no actual knowledge of the alleged damage to the property. In *Sunnyside Coal & Coke Co.*

6

*v. Reitz*, 43 N.E. 46 (Ind. Ct. App. 1896), in an opinion denying a petition for rehearing, we stated as follows:

> The merest novice in the law knows that the knowledge possessed by an agent, while in the act of performing his principal's business, within the scope of his authority, is imputed to the principal. So far as legal responsibility is concerned, under such circumstances, it is unimportant whether the principal ever had actual knowledge. The knowledge of the agent is the knowledge of the principal, in legal contemplation.

*Id*. at 49-50.

During her deposition, Archer acknowledged that she was the plaintiff in the matter and said that she has no claim, but she stated that she believed she was there to answer questions about the previous condition of the property. On cross-examination, Archer testified that the claim at issue was the claim over which she gave power of attorney to Hairston. None of the Defendants moved to strike the power of attorney or Archer's verified ratification. No one has objected to Archer as the real party in interest, and no party has argued against substantive liability or substantive damages.

Here, the designated evidence of liability and damages has been offered by other witnesses and documents, such as the Lake County Surveyor, the State of Indiana, and the Department of the Army. Archer's lack of knowledge is pertinent to her competency as a witness who could introduce that evidence at trial. However, under the law of agency, and the doctrine of imputed knowledge, the agent's knowledge is imputed to the principal "even if the principal does not actually know what the agent knows." *Southport Little League v. Vaughan*, 734 N.E.2d 261, 274 (Ind. Ct. App. 2000). Therefore Hairston's knowledge of the claim and damages to the property is imputed to Archer, the

7

real party in interest.  Thus, the trial court did not err in denying the Defendants' motion for summary judgment.

Affirmed.

VAIDIK, J., and PYLE, J., concur.