FILED

Oct 31 2023, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Kevin E. Werner
Crown Point, Indiana

ATTORNEY FOR APPELLEES

Joseph G. Bombagetti
Kelly Law Offices LLC
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zachary Zitzka and
Lauren Zitzka,

*Appellants-Plaintiffs,*

v.

William Brogdon and
Jill Brogdon,

*Appellees-Defendants*

October 31, 2023

Court of Appeals Case No.
22A-PL-2867

Appeal from the
Lake Superior Court

The Honorable
Bruce D. Parent, Judge

Trial Court Cause No.
45D11-1808-PL-265

**Opinion by Judge Vaidik**
Judges Mathias and Pyle concur.

**Vaidik, Judge.**

# Case Summary

[1] Indiana's residential real-estate sales-disclosure statutes, found at Indiana Code chapter 32-21-5, require sellers of certain residential real estate to complete and provide to prospective buyers a form that discloses the condition of key parts of the property. Here, Zachary and Lauren Zitzka ("the Buyers") bought a house from William and Jill Brogdon ("the Sellers"). The Buyers later sued the Sellers for fraudulent misrepresentation, alleging they had failed to disclose a structural problem on their disclosure form. A jury trial was held, and the jury was instructed, in part, that the Buyers were required to use reasonable care in guarding against fraud, meaning be careful and use good judgment and common sense. The jury found for the Sellers, and the trial court ordered the Buyers to pay the Sellers' attorney's fees.

[2] The Buyers appeal. Their main argument is that the disclosure statutes eliminated the element of reasonable reliance for fraudulent-misrepresentation claims based on disclosure forms and that the trial court erred by instructing the jury that the Buyers had to act reasonably. They cite our Supreme Court's decision in *Johnson v. Wysocki*, 990 N.E.2d 456 (Ind. 2013). But in *Johnson*, the Court didn't hold that the disclosure statutes eliminated the reasonable-reliance element. The Court held that the statutes establish a presumption that buyers reasonably rely on disclosure forms—a presumption that is rebuttable. Therefore, the trial court did not err in instructing the jury, and we affirm the

jury's verdict. We also affirm the fee award as to Zachary, but we reverse it as to Lauren.

# Facts and Procedural History

[3] The Buyers bought the Sellers' house in 2017. (Lauren was not listed as a buyer on the Purchase Agreement and did not sign it, but she was involved in the purchasing process and was included on the deed and certain closing documents.) The house has a three-season room that was added in 1988. A corner of the room had sunk about four inches over the years, causing the floor of the room to slope and putting stress on the rest of the room, including the windows. The Buyers hoped to convert the room to a four-season room, but shortly after closing they were told that an upgrade wasn't possible because of the sloping and that if they wanted a four-season room, they would have to start from scratch.

[4] Several months later, the Buyers sued the Sellers. As relevant to this appeal, the Buyers alleged the Sellers made a fraudulent misrepresentation on their statutorily required Seller's Residential Real Estate Sales Disclosure ("the Disclosure Form") when they answered "No" to the question "Are there any structural problems with the building?" Appellants' App. Vol. II p. 43. Specifically, the Buyers claimed that the sinking and sloping of the three-season room was a "structural problem" that should have been disclosed.

A jury trial was held. The Buyers testified that they visited the house three times before buying it and had an inspection done but didn't learn about the sloping of the three-season room until after closing. The Buyers also called Doug Homeier, an engineer, and James Henry, a contractor, both of whom testified about the sloping of the three-season room. On cross-examination, Homeier was asked, "[W]hat effects of the sinking were visible to you during your inspection that could have been noticed by the average person, if any?" Tr. Vol. II p. 235. He answered:

> Looking at the three season's room from the inside you could easily see on the south end there that all the windows were skewed. I mean greatly skewed. Visually you could just see the floor sank. I think a lay person could easily walk in there and say, this thin[g] sank. To me, it was very evident right off the bat that that corner had sank.

*Id.*

The Sellers asked the court to give Indiana Model Civil Jury Instruction 3109, which addresses the reasonable-reliance element of fraudulent misrepresentation, as follows: "Zachary and Lauren Zitzka must use reasonable care in guarding against fraud. Reasonable care means being careful and using good judgment and common sense." Appellants' App. Vol. II p. 63. The Sellers argued:

> There's factual reliance and the right of reliance. Obviously, the disclosure form statute gives a buyer a right to rely. But then, that still leaves open the question of the fact of reliance and to what degree a Plaintiff actually relied and to what degree they were

actually able to rely based upon what was there. And that would be reasonable care and guarding against fraud, reasonable care, good sense, and common judgment.

For example, if I were to try and sell you my car and clearly looked like a jalopy and I tell you that it's perfect car, that's an act – a position where this applies, your Honor. You still have to use common sense.

Tr. Vol. III pp. 35-36. The Buyers' attorney objected as follows:

[Model Instruction] 3109 is inappropriate in this case because this involves a residential real estate disclosure act violation. In [*Johnson v. Wysocki*, 990 N.E.2d 456 (Ind. 2013)], our Supreme Court indicated that in creating a statutory list of things that must be disclosed that the general assembly – it represents the general assembly's reasonable presumption of what would otherwise be the materiality and the reasonable reliance elements that exist in ordinary suits for common law fraudulent misrepresentation. Therefore, the element of reliance and the reasonableness of that reliance is subsumed within the statute.

\*     \*     \*     \*

I believe that this is an incorrect statement of [] law as it applies to Real Estate Disclosure Act claims based on the Supreme Court's decision in *Johnson v. Wysocki*. I think that this is adding an element to my clients' claims and adding a burden to my clients that doesn't exist under the statute as interrupted [sic] by the Supreme Court.

*Id.* at 36-37. The trial court overruled the Buyers' objection, finding that the instruction is a correct statement of law, was not covered by other instructions, and "fits the facts." *Id.* at 36. The court added:

> [T]his is the fourth element that really doesn't exist but I always try to view both of the arguments – that both of you make and this is [the Sellers'] case[.] This is what [the Sellers have] been arguing from the beginning. I think it fits and so I'm going to permit 3109."

*Id.*

[7] After being instructed and hearing closing arguments, the jury returned a general verdict for the Sellers. The Sellers then moved for an award of attorney's fees under Paragraph U of the Purchase Agreement, which provides: "Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party." Appellants' App. Vol. II p. 40. The trial court granted the motion and ordered the Buyers to pay the Sellers $80,770.

[8] Buyers now appeal.

# Discussion and Decision

## I. Jury Instruction

Buyers contend the trial court erred by giving Indiana Model Civil Jury Instruction 3109. They argue it "was not a correct statement of law in this circumstance." Appellants' Br. p. 22. This is a question of law we review de novo. *Fechtman v. U.S. Steel Corp.*, 994 N.E.2d 1243, 1247 (Ind. Ct. App. 2013), *trans. denied*.

Again, Model Instruction 3109 was given as follows: "Zachary and Lauren Zitzka must use reasonable care in guarding against fraud. Reasonable care means being careful and using good judgment and common sense." The Buyers do not dispute that this instruction is generally appropriate when a jury is presented with a fraud claim, the elements of which are: (1) the defendant made a representation of past or existing fact; (2) the representation was false; (3) the defendant made the representation with knowledge of or reckless disregard for the falsity; (4) the plaintiff reasonably relied on the misrepresentation; and (5) the plaintiff was harmed by the reliance. *Heyser v. Noble Roman's Inc.*, 933 N.E.2d 16, 19 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*; *see also Morgan v. Dickelman Ins. Agency, Inc.*, 202 N.E.3d 454, 465 (Ind. Ct. App. 2022), *trans. denied*. Model Instruction 3109 relates to the fourth element—reasonable reliance. But the Buyers argue that the legislature "did away with the reliance requirement" for cases where, as here, the fraudulent-misrepresentation claim is

based on a residential real-estate sales-disclosure form. Appellants' Br. p. 22. We disagree.

[11] The residential real-estate sales-disclosure statutes are found in Indiana Code chapter 32-21-5 and apply to the sale of "residential real estate that contains not more than four (4) residential dwelling units." Ind. Code § 32-21-5-1(a). A seller must complete and provide to a prospective buyer a disclosure form that discloses "the known condition of the following: (A) The foundation. (B) The mechanical systems. (C) The roof. (D) The structure. (E) The water and sewer systems. (F) Additions that may require improvements to the sewage disposal system. (G) Other areas that the Indiana real estate commission determines are appropriate." I.C. §§ 32-21-5-7(a)(1), -10(a). The seller may be liable for an error, inaccuracy, or omission "within the actual knowledge" of the seller. I.C. § 32-21-5-11; *Boehringer v. Weber*, 2 N.E.3d 807, 812 (Ind. Ct. App. 2014), *trans. denied*.

[12] In arguing that these statutes eliminated the reliance requirement for fraudulent-misrepresentation claims based on a disclosure form, the Buyers cite our Supreme Court's decision in *Johnson v. Wysocki*, 990 N.E.2d 456 (Ind. 2013). They misread that decision. The *Johnson* Court held that the disclosure statutes abrogated the longstanding common-law principle that a buyer of property "'has no right to rely upon the representations of the vendor as to the quality of the property, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities.'" *Id.* at 461-66 (quoting *Cagney v. Cuson*, 77 Ind. 494, 497 (1881)). The Court went on to explain that the statutes

not only give a buyer the right to rely on the seller's disclosure form but also establish a presumption that the buyer reasonably relied on the form. *Id.* at 462 (explaining that "the Disclosure Statutes actually presume reliance for certain aspects of a home"), 466 ("[T]he Disclosure Statutes represent the General Assembly's reasonable presumption of what would otherwise be the materiality and reasonable reliance elements in an ordinary common law suit for fraudulent misrepresentation."). But the Court didn't hold that the statutes **eliminated** the reasonable-reliance element. We know this because the Court also explained that the presumption of reasonable reliance is rebuttable:

> [W]e would not say that this presumption is irrebuttable. For example, if the buyers had an independent inspection that disclosed the same faults and the buyers purchased the property anyway, that might weigh against a presumption that they reasonably relied on the Disclosure Form—or that they viewed the condition as material. It would become a question of fact.

*Id.* at 466 n.4. So, under *Johnson*, reasonable reliance is an element of a fraudulent-misrepresentation claim based on a disclosure form, and there is a statutory presumption of reasonable reliance, but the seller can present evidence to rebut the presumption.

[13] If the Buyers were correct about the effect of the disclosure statutes—if the statutes eliminated the reasonable-reliance element for disclosure-form claims—then a seller would be strictly liable for failing to disclose a defect even if the buyer was fully aware of the precise nature and scope of the defect. In other words, a buyer who knows a disclosure form is incorrect but goes through with

the sale anyway could later experience buyer's remorse, file suit based on the incorrect form, and prevail. We see nothing in the disclosure statutes or in *Johnson* that establishes such a strict-liability scheme.

Because reasonable reliance is an element of a fraudulent-misrepresentation claim based on a disclosure form, the Buyers' attorney was wrong when he argued to the trial court that giving Model Instruction 3109 would be "adding an element to my clients' claims," and the court properly gave the instruction. This doesn't mean that Model Instruction 3109 is a complete and accurate statement of the law in this area; under *Johnson*, it is not. What it means is that instead of asking the trial court to give no instruction at all on the element of reasonable reliance, the Buyers should have argued for the model instruction to be modified or supplemented to inform the jury that, in disclosure-form cases, reasonable reliance is presumed and the burden is on sellers to rebut that presumption. Since the Buyers didn't make that objection or ask for that relief, we cannot say the trial court erred by giving Model Instruction 3109 as written.

## II. Sufficiency of the Evidence

The Buyers purport to make a separate argument that the jury's verdict isn't supported by "sufficient evidence." Appellants' Br. pp. 15-21. However, their argument addresses only the evidence that the Sellers' disclosure form was incorrect. They say nothing about the evidence on the issue of whether they reasonably relied on the form, such as the engineer's testimony that a lay person could "easily" see the sloping of the three-season room. Instead, their argument

starts from the premise that, under *Johnson*, reasonable reliance is not an element for disclosure-form claims. In other words, their argument assumes that the jury shouldn't have been instructed on reasonable reliance. Indeed, they conclude the argument by stating, "The problem here is that the jury had an instruction that likely led them astray." *Id.* at 21. So the Buyers' "sufficiency" argument is ultimately an argument that the jury was incorrectly instructed under *Johnson* and as a result reached an incorrect verdict. This is simply a reframing of the instruction argument, and as we just concluded, the Buyers have not demonstrated any instructional error.

## III. Attorney's Fees

[16] The Buyers also argue the trial court erred by granting the Sellers' motion for attorney's fees. Specifically, the Buyers contend the court misinterpreted Paragraph U of the Purchase Agreement. The interpretation of contract language is a question of law we review de novo. *Jenkins v. S. Bend Cmty. Sch. Corp.*, 982 N.E.2d 343, 347 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*.

[17] Again, Paragraph U provides: "Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party." The Buyers assert that they brought a tort suit based on the Disclosure Form, not a contract suit based on the Purchase Agreement, and that therefore Paragraph U doesn't apply. We disagree. The provision

applies to "any legal or equitable proceeding . . . brought under or with relation to the Agreement or transaction[.]" The Disclosure Form was a key part of the overall "transaction," i.e., the sale of the house, and was expressly referenced in the Purchase Agreement. *See* Appellants' App. Vol. II p. 38. Therefore, even if the Buyers' suit based on the Disclosure Form wasn't brought "under or with relation to the Agreement," it was brought "with relation to the . . . transaction," and Paragraph U applies.

[18] In the alternative, the Buyers argue that the fee award should be against Zachary alone, and not Lauren, because Lauren wasn't listed as a buyer on the Purchase Agreement and didn't sign it. On this point, we agree with the Buyers. Because Lauren wasn't a party to the Purchase Agreement, she isn't subject to its attorney's fees provision. We therefore reverse the fee award as to Lauren.

[19] Affirmed in part and reversed in part.

Mathias, J., and Pyle, J., concur.